COX CORPORATION, Petitioner, Cross-Respondent,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent, Cross-Appellant.

No. 76–2391.

United States Court of Appeals, Sixth Circuit.

Feb. 21, 1979.

C. V. Stelzenmuller, Thomas, Taliaferro, Forman, Burr & Murray, T. Thomas Cuttingham, Birmingham, Ala., for respondent, cross-appellant.

Elliott Moore, Deputy Associate Gen. Counsel, John H. Ferguson, N. L. R. B., Washington, D. C., Curtis L. Mack, Director, Region 10, N.L.R.B., Atlanta, Ga., for petitioner, cross-respondent.

Before WEICK, ENGEL and MERRITT, Circuit Judges.

## ORDER

This matter is before the court on cross-petitions for review and enforcement of a decision and order of the National Labor Relations Board, dated October 13, 1976 and reported at 226 NLRB No. 70 (1976), finding petitioner Cox Corporation in violation of Sections 8(a)(1) and 8(a)(5) of the National Labor Relations Act for failure to honor a collective bargaining agreement to which the Board found Cox Corporation legally bound.

Upon a careful examination of the entire record, the court is of the opinion that substantial evidence supports the finding of the Board that the company, while not a member of the Mechanical Contractors Association of Birmingham, Alabama (MCA), had nonetheless duly authorized that organization to act as the company's agent in negotiations with Local No. 48, Sheet Metal Workers International Association (AFL–CIO), and that accordingly, the company was in violation of the Act for having refused to execute and abide by the collective bargaining agreement which had been negotiated between MCA and the union and was to take effect June 1, 1975.

The court further finds no merit under the particular facts of this case in the company's claims that the union had unlawfully compelled the MCA to incorporate an interest arbitration clause in the collective bargaining agreement, and that the MCA could not, as an agent for the company, agree to include foremen in the coverage of the contract or to otherwise act on behalf of the company because the latter's scope of operations exceeded the territorial jurisdiction of the MCA. Finally, the court concludes that the Board's order is not moot, notwithstanding the intervening lapse of the collective bargaining agreement in question. Accordingly,

IT IS ORDERED that the petition for review filed herein by Cox Corporation is denied and the Board's application for enforcement of the order entered on October 13, 1976 is hereby granted.